UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| CYNTHIA WALKER, individually, and on behalf of all other similarly situated consumers,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; MISSISSIPPI POWER & LIGHT,<br><br>    Defendants. | Case No.: 3:20-cv-96-CWR-FKB<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Cynthia Walker (hereinafter "Plaintiff") alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4. Plaintiff is a natural person who at all relevant times has resided in Byram, Mississippi.

5. Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in Mississippi with its principal place of business located at 1550

Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(F) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Mississipi Power & Light ("MPL") is a utility provider, with its corporate headquarters located at 308 East Pearl Street, Jackson, Mississippi. MPL is a "person" as defined in 15 U.S.C. § 1681a.

## FACTUAL STATEMENT

7. On a date better known by Mississippi Power & Light, Plaintiff allegedly went delinquent on a $52 debt. The debt was incurred through a personal utility bill.

8. In order to collect on the debt, and punish Plaintiff for the alleged non-payment, on a date better known by MPL, it began reporting the alleged debt to Equifax in two separate trade lines, making it appear as though Plaintiff was twice delinquent.

9. During this same time period, on a date better known by Wells Fargo, Plaintiff allegedly went delinquent on a $3,497 debt. Like the MPL reporting, Wells Fargo was also reporting the same account twice on Plaintiff's credit report.

10. In 2018, Plaintiff recognized that the two accounts were duplicates, and on or around June 2018 Plaintiff sent a dispute letter to Equifax stating that both accounts were being reported with duplicate active balances on the same debt.

11. After receiving Plaintiff's dispute concerning the repeat trade lines, Equifax transmitted the dispute to Mississippi Power and Light and Wells Fargo and subsequently verified the information as accurate and continued reporting the duplicate accounts.

12. Equifax failed to conduct a reasonable investigation into Plaintiff's dispute and failed to maintain reasonable procedures to prevent duplicate accounts from repeatedly hurting the credit scores of consumers.

13. Despite receiving the dispute from Plaintiff, Plaintiff's credit report maintained four negative trade lines on her Equifax credit report when there should only be two.

14. The duplicate reporting is hurting Plaintiff's credit score and credit worthiness two times as much as it should.

15. Further, this inaccuracy severely impacts Plaintiff's debt-to-income ratio and misleads potential creditors. A high debt-to-income ratio is a significant factor that future creditors evaluate. *See* Consumer Finance Protection Bureau website at https://www.consumerfinance.gov/ask-cfpb/what-is-a-debt-to-income-ratio-why-is-the-43-debt-to-income-ratio-important-en-1791/.

## CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

17. Plaintiff seeks certification of the following classes, initially defined as follows:

**Mississippi Power & Light §1681e(b) Class: All consumers that allegedly incurred a debt from Mississippi Power & Light, for whom Mississippi Power & Light reported the debt to Equifax, and said debt was reported in more than one trade line within the consumers' Equifax credit report within five years prior to the filing of this complaint.**

**Wells Fargo §1681e(b) Class: All consumers that allegedly incurred a debt from Wells Fargo, for whom Wells Fargo reported the debt to Equifax, and said debt was reported in more than one trade line within the consumers' Equifax credit report within five years prior to the filing of this complaint.**

**Mississippi Power & Light §1681i Class: All consumers that allegedly incurred a debt from Mississippi Power & Light, for whom Mississippi Power & Light reported the debt to Equifax, and said debt was reported in more than one trade line within the consumers'**

**Equifax credit report, and said debt was disputed by the consumer within two years prior to the filing of this complaint.**

**Wells Fargo §1681i Class: All consumers that allegedly incurred a debt from Wells Fargo, for whom Wells Fargo reported the debt to Equifax, and said debt was reported in more than one trade line within the consumers' Equifax credit report, and said debt was disputed by the consumer within two years prior to the filing of this complaint.**

## Numerosity

18. Upon information and belief, Equifax has been reporting duplicate trade lines for the same debts on hundreds, if not thousands, of credit reports, each of which violates the FCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Equifax's records.

## Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Equifax violated various provisions of the FCRA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Equifax; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Equifax's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

21.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Equifax's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

22.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

24.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

25.     The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26.     Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Classes

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Absent a class action, the members of the Classes will continue to suffer losses borne from Equifax's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Equifax's conduct to proceed and harm consumers.

31. Equifax has acted, and will act, on grounds generally applicable to the Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX

32. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

34. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

35. Specifically, by allowing the same creditor to report multiple trade lines for the same debt, Equifax has failed to maintain reasonable procedures.

36. Equifax negligently and willfully failed to conduct a reasonable investigation into Plaintiff's credit report, concerning the duplicate trade lines at issue, in violation of 15 U.S.C. § 1681i. Had Equifax reasonably investigated these disputes, it would not have allowed duplicate trade lines to report.

37. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY MISSISSIPPI POWER & LIGHT

38. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39. At all times pertinent hereto, MPL was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

40.     MPL willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate.

41.     MPL willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed, and its continued monthly reporting of a balance owed. Had MPL conducted a reasonable investigation, it would have recognized that the trade line is nonsensical and wrong.

42.     MPL willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

43.     MPL willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate pay status disputed by Plaintiff.

44. MPL willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

45. MPL willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

46. As a direct and proximate cause of MPL's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

47. MPL's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, MPL was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Cynthia Walker, respectfully requests that this Court do the following for the benefit of Plaintiff:

- A. Enter an Order declaring Defendants' actions, as described above, in violation of the FCRA;
- B. Appoint Plaintiff as the Representative for the Classes, and appoint Plaintiff's Counsel as Lead Counsel for the Classes;
- C. Enter judgment against the Defendants for statutory, actual, and punitive damages;
- D. Award costs and reasonable attorneys' fees; and,
- E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 20th of February, 2020.

Respectfully Submitted,

/S/ Curtis R. Hussey, Esq.
Curtis R. Hussey (MSB 9495)
**Hussey Law Firm, LLC**
10 N. Section Street, No. 122
Fairhope, AL
36532-1896
(P) (251) 928-1423
gulfcoastadr@gmail.com
Attorney for Plaintiff