IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA WALKER, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED CONSUMERS | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:20-CV-96 CWR-FKB |
| EQUIFAX INFORMATION SERVICES, LLC; AND MISSISSIPPI POWER & LIGHT; AND WELLS FARGO, N.A. | DEFENDANTS |

**EML'S MEMORANDUM IN SUPPORT OF MOTION
TO CERTIFY LEGAL ISSUE FOR IMMEDIATE APPEAL PURSUANT TO
28 U.S.C. § 1292(b) AND FOR STAY PENDING APPEAL**

Defendant Entergy Mississippi, LLC (f/k/a Entergy Mississippi, Inc., f/k/a Mississippi Power & Light Co.) ("EML") files its memorandum in support of motion to certify legal issue for immediate appeal pursuant to 28 U.S.C. § 1292(b). EML respectfully maintains that the purely legal issue incident to EML's primary basis for summary judgment is appropriate for immediate appellate review: **whether the Fair Credit Reporting Act ("FCRA") imposes a duty upon those that furnish information to credit reporting agencies to investigate and correct the accuracy of information which allegedly injured the plaintiff but which the furnisher did not provide to the credit reporting agencies in the first instance**.

EML submits that the above legal issue is "a controlling question of law" upon which all Plaintiff's claims in this case depend and which will be resolved on statutory-interpretation principles. *See* 28 U.S.C. § 1292(b). There is a "substantial ground for difference of opinion" because the only court to have analyzed this same issue under analogous circumstances held that there is no such duty and granted summary judgment to the furnisher. *Ferguson v. Wells Fargo Bank, NA*, 2011 WL 13134602, at *4 (C.D. Cal. Dec. 19, 2011). Resolution of the issue by

immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Judicial economy and cost savings to the parties will be served by resolving the issue now rather than after a full trial, and Plaintiff has requested a continuance of the trial in any event.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff initially alleged in her Complaint that EML violated the FCRA Section 15 U.S.C. § 1681s-2(b) by erroneously reporting Plaintiff's valid $52 debt "in two separate tradelines" as a way to "punish Plaintiff for alleged non-payment." [Doc. 42] at ¶¶8–9. Plaintiff abandoned this allegation, and in her subsequent briefing and filings she acknowledges that EML "originally furnished only one tradeline." [Doc. 121] at 3. Plaintiff admits "that it was Equifax's system that created the duplicate tradeline." [Doc. 123] at 2–3. Her claim is that EML was notified of the inaccurate duplicate tradeline, and is liable under the FCRA for damages caused by the duplicate tradeline, because EML allegedly failed to investigate reasonably and take action to correct the inaccurate duplicate tradeline. [Doc. 123] at 2.

On May 31, 2022, EML moved for summary judgment on multiple grounds, but the first and primary ground was that Plaintiff could not satisfy the first essential element of her FCRA claim: that EML provided to the credit reporting agency the inaccurate duplicate-tradeline information that allegedly caused Plaintiff's damages. [Doc. 103]; [Doc. 104] at 4–7; [Doc. 111] at 3 ("Nothing in the FCRA imposes liability on a furnisher who reports an account accurately to a CRA"); [Doc. 125] at 1–5. EML asserted that the plain language of Section 15 U.S.C. § 1681s-2(b) imposes "no duty to address allegedly incorrect information 'after it was notified' when it is undisputed the person did not 'provide [that] incorrect information in the first place.'" [Doc. 125] at 2 (quoting *Ferguson*, 2011 WL 13134602, at *4).

On December 5, 2022, this Court entered an Order denying EML's motion for summary judgment. [Doc. 139]. The Court stated that "[d]isputed issues of material fact, including a battle

of the experts, preclude summary judgment for either party," and therefore "[a] trial is necessary." *Id.* (citing *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 252 (4th Cir. 2017).

Trial in this matter was set for February 2023. On December 13, 2022, Plaintiff filed an unopposed motion to continue the trial date due to Plaintiff's pregnancy. [Doc. 142] at 1.

## ARGUMENT

The dispositive legal issue of **whether the FCRA imposes a duty upon those that furnish information to credit reporting agencies to investigate and correct the accuracy of information which allegedly injured the plaintiff but which the furnisher did not provide to the credit reporting agencies in the first instance** is appropriate for immediate appellate review under 28 U.S.C. § 1292(b). Said another way, the controlling legal issue is **whether a FCRA plaintiff can have a valid claim against one who did not initially furnish the misinformation which allegedly caused the plaintiff's damages**. The statute authorizing immediate appeal of legal issues prior to final judgment provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The issue here is a "controlling question of law." *Id.* It is a purely legal issue of statutory interpretation grounded in the undisputed fact that EML did not initially provide the duplicate tradeline information to Equifax (or any other credit reporting agency) which Plaintiff alleges harmed her. *See e.g., Wheeler v. Pilgrim's Pride Corp.*, 536 F.3d 455, 457 (5th Cir. 2008) (holding

that a "question of statutory interpretation" was proper for 28 U.S.C. § 1292(b) review). The plain language of the FCRA imposes duties on furnishers only to:

(1) investigate and correct the "accuracy of any information provided by [that] person to a [CRA],"

(2) "conduct an investigation with respect to the disputed information" provided,

(3) "if … the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information," and

(4) "if an item of information disputed … [is] inaccurate," "modify," "delete," or "permanently block the reporting of that item of information."

15 U.S.C. § 1681s-2(b) (emphasis added). The only court to have analyzed this issue held that, based on the plain language of the statute, a defendant cannot be liable under the FCRA for damages allegedly caused by inaccurate information the defendant did not provide to a credit reporting agency in the first instance. *Ferguson*, 2011 WL 13134602, at *3–4.

Moreover, a "determination of this issue plainly controls the outcome of the case." *Ainsworth v. Cargotec USA, Inc.*, 2011 WL 6921812, at *3 (S.D. Miss. Dec. 15, 2011). If EML had no duty under the FCRA to investigate and correct inaccurate duplicate-tradeline information it did not provide in the first instance, then all of Plaintiff's claims are deficient as a matter of law and may not proceed to trial.

In addition, the issue is one where there exists a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Research has revealed only one case that has squarely addressed and analyzed the issue of a furnisher of information's duty to investigate and correct information that it did not initially provide to the credit reporting agency. *Ferguson*, 2011 WL 13134602, at *4. The *Ferguson* case is very similar to this case, and the district judge's summary judgment opinion is attached as Exhibit 1.

In *Ferguson*, Wells Fargo—a furnisher of information to credit reporting agencies like EML—moved for summary judgment on the basis that it did not provide the allegedly inaccurate

4

information that plaintiff disputed and allegedly caused her damages. *Id.* at *1. Just like in this case, TransUnion began reporting "incorrect information related to Plaintiff's Wells Fargo account" even though Wells Fargo "never provided this information to TransUnion in the first place." *Id.* Like Plaintiff in this case, the plaintiff in *Ferguson* alleged that Wells Fargo responded to two consumer disputes incorrectly during the investigation process, resulting in the incorrect information Wells Fargo did not provide in the first instance remaining on plaintiff's credit report. *See Ferguson* Memo. in Support of Motion for Summary Judgment attached as Exhibit 2, at 12–13. Thus, like here, the plaintiff "only assert[ed] that Wells Fargo did not address the problem adequately <u>after</u> it was notified, not that Wells Fargo provided incorrect information in the first place." *Ferguson*, 2011 WL 13134602, at *4. Just like in this case, the plaintiff settled its claim with the credit reporting agency that initiated the inaccurate information. *Id.* at *1.

The district court ruled that the plaintiff's claim was not viable under the FCRA because under the plain language of the FCRA statute the furnisher "only has a duty to conduct an investigation if that person had furnished the disputed information." *Id.* at *3. The court began its analysis by quoting the statute. *Id.* at *2–3 (quoting 15 U.S.C. § 1681s-2(b)(1)). It then explained that although the reasonableness of an investigation is generally a question of fact for a jury trial, "the Court need not reach the reasonableness issue unless Plaintiff can first get past the threshold issue of whether Wells Fargo was the furnisher of misinformation." *Id.* at *3 (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 434 (7th Cir. 2009)). After citing cases requiring that the FCRA statute be read according to its plain language, the court reasoned that "[t]he plain meaning of the statute indicates that it applies *only* to a party who furnished the disputed information." *Id.* (emphasis added). "Only a convoluted interpretation of the statute could be read as providing that the person who has a duty under the statute does not need to be the same as the person who provided the disputed information." *Id.*

In addition, the court relied on other provisions of Section 1681s-2(b) to reinforce that a furnisher only has a duty to investigate allegedly inaccurate information it provided in the first place. *Id.* "Subsection (D) of the statute provides, 'if the investigation finds that the information is incomplete or inaccurate,' the person who was notified of the disputed information must 'report those results to all other consumer reporting agencies <u>to which the person furnished the information</u>.'" *Id.* (quoting 15 U.S.C. § 1681s-2(b)(1)(D)) (emphasis in *Ferguson*). Thus, the court reasoned that "[u]nder subsection (D), the person notified only has a duty to report the results of its investigation to consumer reporting agencies 'to which that person had furnished the information.' Similarly, the person notified only has a duty to conduct an investigation if that person had furnished the disputed information." *Id.*

The court rejected the plaintiff's theory, which is the exact same theory Plaintiff advances here, on the basis that it is inconsistent with the statute. Just like in this case, only one credit reporting agency reported the inaccurate information at issue. *Id.* at *4. And like here, the plaintiff initially alleged in the complaint that Wells Fargo was the furnisher of the inaccurate information but the plaintiff "abandoned this allegation" and went "to great lengths in his Opposition to assert that Wells Fargo is liable under § 1681s-2(b) without actually claiming that [Wells Fargo] was the furnisher of the disputed information." *Id.* Like here, the plaintiff "only assert[ed] that Wells Fargo did not address the problem <u>after</u> it was notified, not that Wells Fargo provided inaccurate information in the first place." *Id.* at *4 (emphasis in *Ferguson*). The court reasoned that summary judgment was proper because the plaintiff in that case, like Plaintiff in this case, did not produce any evidence (fact or expert) that the defendant initially furnished the false information and "plaintiff [did not] dispute the fact that Wells Fargo did not provide this false information." *Id.* "Because Wells Fargo could only be liable under § 1681s-2(b) if it furnished the disputed information, the Court f[ound] that there is no genuine issue as to any material fact and Wells

6

Fargo [wa]s entitled to judgment as a matter of law." *Id.*

This issue is also one that will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court has denied EML's motion for summary judgment so that the case will now proceed to trial. If the Court of Appeals resolves this issue of statutory interpretation in EML's favor, however, all Plaintiff's claims are subject to dismissal and no trial will be necessary. Therefore, judicial economy dictates that the Court of Appeals be presented with the dispositive issue of statutory interpretation now, rather than after an expensive and time-consuming trial.

Finally, Plaintiff's requesting a continuance of the trial date is an additional basis to certify the issue for interlocutory appeal. *See* [Doc. 142] at 1. There is a sound basis to allow the Court of Appeals to pass on the dispositive, purely legal question in this case now while Plaintiff is not seeking a trial in the very near future. Judicial economy requires that any trial in this matter be stayed pending the Court of Appeals' resolution of EML's petition under 28 U.S.C. § 1292(b).

In summary, if the Court of Appeals analyzes and resolves the statutory interpretation issue in this case as the district court did in *Ferguson*, Plaintiff's claims will be deficient as a matter of law. Particularly given the fact that Plaintiff is currently seeking a trial continuance, immediate appeal and resolution of this issue is in the interest of judicial economy and could potentially save the parties tremendous time and money.

## **CONCLUSION**

For the reasons stated above, EML respectfully requests that this Court order that the dispositive legal issue in this case is appropriate for immediate appeal under Section 28 U.S.C. § 1292(b). EML further requests that this Court stay this matter pending the Court of Appeals' resolution of EML's petition under 28 U.S.C. § 1292(b).

Dated: January 3, 2023.

        ENTERGY MISSISSIPPI, LLC
        (f/k/a Entergy Mississippi, Inc., f/k/a Mississippi Power & Light Co.)

        */s/ William Trey Jones, III*
        One of its Attorneys

OF COUNSEL:

Christopher R. Shaw (MSB# 100393)
ENTERGY MISSISSIPPI, LLC
308 E. Pearl St., Suite 700 (39201)
P.O. Box 1640
Jackson, MS  39215-1640
T:  (601) 969-2438  │  F:  (601) 969-2696
cshaw4@entergy.com

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
William Trey Jones, III, MSB No. 99185
tjones@brunini.com
Jacob A. Bradley, MSB No. 105541
jbradley@brunini.com
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's electronic-filing system which sent notice of this filing to all counsel registered for electronic service.

      Dated: January 3, 2023.

        */s/ William Trey Jones, III*
        William Trey Jones, III